Filing # 61326122 E-Filed 09/05/2017 02:40:09 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

CAROLINA RAMOS DOMINGUEZ,
And other similarly situated individuals,

    Plaintiff(s),

v.

CALDER RACE COURSE, INC., a Florida
Profit Corporation, SAFFIE JOSEPH
JR. RACING, INC., a Florida Profit
Corporation, and SAFFIE A. JOSEPH,
JR., individually;

    Defendants.
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff CAROLINA RAMOS, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, CALDER RACE COURSE, INC., a Florida Profit Corporation, Defendant, SAFFIE JOSEPH JR. RACING, INC, a Florida Profit Corporation, and Defendant, SAFFIE A. JOSEPH, JR., individually; (collectively herein referred to as ("Defendants"), and in support states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was, at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, CALDER RACE COURSE, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

5. Defendant, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

6. Defendant, SAFFIE A. JOSPEH, JR., is a corporate officer, and exercised operational control over the activities of the corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

7. Both corporate Defendants CALDER RACE COURSE, INC. and SAFFIE JOSPEH JR. RACING, INC. acted directly or indirectly, to such an extent, in the interest of each other in relation to the administration of employees, like PLAINTIFF, and as such, a commonality between the corporate DEFENDANTS exist.

8. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff performed work for Defendants from on or about January 3, 2014, through on or about May 25, 2017 as a non-exempt horse groomer.

11. While employed, Plaintiff was required to follow all rules and regulations set forth by the Corporate DEFENDANTS, was required to wear identification for the Calder Race Track, and was required to undergo background and criminal checks per Calder Race Track's requirements.

12. Plaintiff, by virtue of Plaintiff's rate of pay and/or job duties was a non-exempt employee.

13. Plaintiff worked seven days per week and approximately 10 hours per day.

14. Plaintiff typically received $700.00 per week where Plaintiff was paid approximately $300.00 in cash and $400.00 in a check.

15. Throughout Plaintiff's employment with Defendants, Plaintiff did not receive proper payment for all hours worked.

16. Defendants had, or should have had, full knowledge of all hours worked by Plaintiff and including those hours worked in excess of forty (40) in a given work week.

17. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States.

18. Plaintiff claims there is other similarly situated current and former horse groomers working, or previously working, for Defendants.

19. Plaintiff, and other similarly-situated current and former horse groomers of Defendants, performed similarly duties for Defendants and were subject to similar policies as to compensation.

20. Plaintiff and other similarly-situated current and former horse groomers of Defendants, would benefit from joining this collective action alleged herein.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### CALDER RACE COURSE, INC.

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Complaint as if set out in full herein.

22. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

23. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

26. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

28. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

    C. Award Plaintiff an equal amount in double damages/liquidated damages;

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

    F. Grant Plaintiff a trial by jury.

**COUNT II**
*Wage & Hour Federal Statutory Violation against*
*SAFFIE JOSEPH JR. RACING, INC.*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

37. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*,

595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. Grant Plaintiff a trial by jury.

### COUNT III
#### *Wage & Hour Federal Statutory Violation against SAFFIE A. JOSEPH, JR.*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

30. At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

31. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

32. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

33. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Adjudge and decree that Defendant exhibited operational control and, as such, is jointly and severally responsible for the damage at issue;

   C. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

   D. Award Plaintiff an equal amount in double damages/liquidated damages;

   E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

   F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

   G. Grant Plaintiff a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 8-28-17

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No. 165580
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
jremer@rgpattorneys.com
bshulman@rgpattorneys.com
ts@rgpattorneys.com
ad@rgpattorneys.com